NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEAN MAX DARBOUZE, | No. 21-55133 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02964-CJC-JDE |
| v. | |
| STEPHAN CHRISTOPHER, Deputy, individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Jean Max Darbouze appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging failure to protect while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal based on the applicable statute of limitations). We affirm.

The district court properly dismissed Darbouze's action as time-barred because Darbouze filed this action more than two years after his claim accrued and failed to allege circumstances that justified statutory tolling, equitable tolling or equitable estoppel. *See Soto v. Sweetman*, 882 F.3d 865, 870-72 (9th Cir. 2018) (explaining that "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal injury claims and borrow the state's tolling rules," and that federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Lukovsky*, 535 F.3d at 1051-52 (discussing grounds for equitable estoppel under California law); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1033 (Cal. 2008) (setting forth California's equitable tolling doctrine); *Austin v. Medicis*, 230 Cal. Rptr. 3d 528, 536 (Ct. App. 2018) (holding that a local inmate in pretrial custody at the time that the cause of action accrues is not entitled to statutory tolling under Cal. Civ. Proc. Code § 352.1).

The district court did not abuse its discretion by dismissing Darbouze's fourth amended complaint without leave to amend because further amendment

would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Darbouze's request to take judicial notice of his district court filing, set forth in his opening brief, is denied as unnecessary. Darbouze's first motion to submit evidence (Docket Entry No. 17) is denied to the extent that he seeks to submit documents that were not presented to the district court. Darbouze's second motion to submit evidence (Docket Entry No. 22) is construed as a citation of supplemental authorities under Federal Rule of Appellate Procedure 28(j), and the case citation is duly noted.

**AFFIRMED.**

21-55133